UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SOOKDEO RAMKHALAWAN, ET AL.**                **CIVIL ACTION**

**VERSUS**                                     **NO. 11-18**

**BHANWARI RAMKHALAWAN**                       **SECTION:  C (5)**

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. (Rec. Doc. 5). Having considered the memoranda of counsel for Plaintiff and the law, the Motion is DENIED for the following reasons.

Plaintiff, Sookdeo Ramkhalawan ("Gilley") is allegedly the 100 percent owner of the three corporate Plaintiffs in this case. (Rec. Doc. 1 at 2). Before serving a ten-month term of incarceration Gilley executed a power of attorney designating his brother, Bhanwari Ramkhalawan as his agent and attorney-in-fact. *Id.* at 3. After completing his term of incarceration, Gilley was allegedly refused access to his businesses and equipment by his brother Bhanwari. *Id.* at 4. Furthermore, Gilley alleges that his brothers Bhanwari and Deo, have converted his equipment for their own personal use and Bhanwari has allowed corporate leases to go into default. *Id.* at 5.

This Court notes that based on Plaintiff's Complaint, joinder of his brother Deo may become necessary, which would require this Court to reexamine the basis of its subject matter jurisdiction.

Here, the Court is advised that Defendant has been given notice of this filing for purposes of Fed. R. Civ. 65(b)(2). Rule 65(b)(1) provides that, in addition, that a temporary restraining order can be issued only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Here, those critical facts are

lacking in this application. Plaintiff's request for a temporary restraining order alleges that he would be irreparably damaged by corporate waste committed by Defendant. (Rec. Doc. 1 at 14-15). However, Plaintiff has not show any specific risk of corporate waste that could not be remedied by a damages award.

Under Rule 65, a preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008). Again, Plaintiff has fallen short of the mark for the extraordinary relief sought. Plaintiff's affidavit does not indicate to the Court that Plaintiff has a substantial likelihood of success on the merits as to any single claim. In addition, the Court finds that irreparable harm has not been shown. Instead, all the damages alleged appear to be quantifiable. Finally, Plaintiff has not shown entitlement to injunctive relief with regard to the requirement that the threatened injury outweighs any damage that the injunction may cause the opposing parties or that the injunction will not disserve the public interest.

This Order is directed only to the appropriateness of a temporary restraining order and preliminary injunction. The Court does not express any opinion as to the appropriateness of any other relief sought by Plaintiff.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED. (Rec. Doc. 5).

New Orleans, Louisiana, this 6th day of January, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE